

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MANASSEH A. PHILIP, )
    Petitioner, )
)
v. ) No. 3:16-CV-985-D
)
LORIE DAVIS, Director, TDCJ-CID, )
    Respondent. )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* habeas corpus action under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. For the reasons that follow, the petition should be dismissed.

I.

On July 12, 1988, Petitioner pled guilty to aggravated sexual assault and indecency with a child. *State of Texas v. Philip*, Nos. F-88-81768-MT and F-87-89788 (283rd Jud. Dist. Ct., Dallas County, Tex., July 12, 1988). He was sentenced to five years in prison for the aggravated sexual assault and two years in prison for indecency with a child, to run concurrently. Petitioner has fully discharged his sentences.

A federal court may consider a writ of habeas corpus only "on behalf of a person in custody . . . . in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A petitioner satisfies the "in custody" requirement when the challenged conviction has not fully expired at the time he files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). "[O]nce the sentence imposed for a conviction has completely expired, the

collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Id.* Petitioner is not in custody on these convictions. The petition should therefore be dismissed for lack of jurisdiction.

II.

The Court recommends that the petition for a writ of habeas corpus be dismissed without prejudice for lack of jurisdiction.

Signed this 10 day of August, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).